NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30079

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

2010 JUN 30 AM 8: 05

FILED

HERMAN-LEE KAOPUA, SR., Petitioner-Appellant,
vs.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 09-1-0007)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, and Reifurth, JJ.)

Petitioner-Appellant Herman-Lee Kaopua Sr. (Kaopua)
appeals from the "Findings of Fact; Conclusions of Law; Order
Denying Petitioner Herman Kaopua, Sr.'s Petition for Post-
Conviction Relief" (Order Denying Second Petition), which was
filed on August 28, 2009, in the Circuit Court of the Fifth
Circuit (circuit court).[1]  We affirm.

I.

In Kaopua's underlying criminal case, Respondent-
Appellee State of Hawai'i (State) charged Kaopua by indictment
with six counts of sexual assault.  The same person (Minor) was
named as the alleged victim in each count.  The indictment
alleged that Minor was less than fourteen years old at the time
of the charged offenses.  Counts 1 through 5 charged Kaopua with
first degree sexual assault of Minor, in violation of Hawaii

---

[1] The Honorable Randal G.B. Valenciano presided over the proceedings
relevant to this appeal.

Revised Statutes (HRS) § 707-730(1)(b) (1993).[2/] Count 6 charged Kaopua with continuous sexual assault against a minor under the age of fourteen years, in violation of 707-733.5 (Supp. 1999).[3/] Count 6 encompassed the same time frame (November 6, 1995 to January 26, 2001) as the acts alleged in Counts 1 through 5.

After a jury-waived bench trial, the Family Court of the Fifth Circuit (family court)[4/] found that Kaopua had committed four discrete acts of first degree sexual assault, as charged in Counts 1 through 4, but found that there was

---

[2/] During the times relevant to this case, HRS § 707-730(1)(b) provided:

      (1) A person commits the offense of sexual assault in the first degree if:

      . . . .

      (b)    The person knowingly subjects to sexual penetration another person who is less than fourteen years old; provided this paragraph shall not be construed to prohibit practitioners licensed under chapter 453, 455, or 460, from performing any act within their respective practices.

[3/] During the time relevant to this case, HRS § 707-733.5 provided in relevant part:

      (1)    Any person who:

      (a)    Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and

      (b)    Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, but while the minor is under the age of fourteen years,

is guilty of the offense of continuous sexual assault of a minor under the age of fourteen years.

      . . . .

      (3)    No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense is charged in the alternative. A defendant may be charged with only one count under this section unless more than one victim is involved, in which case a separate count may be charged for each victim.

[4/] The Honorable Clifford L. Nakea presided over Kaopua's underlying criminal case.

2

insufficient evidence to support Count 5. Based on its findings that Kaopua had engaged in three or more acts of sexual penetration as charged in Counts 1 through 4, the family court found Kaopua guilty of Count 6. The family court, however, dismissed Counts 1 through 4 on the ground that convictions on those counts were precluded by the conviction on Count 6 for violating HRS § 707-733.5. Under HRS § 707-733.5(3),[5] "[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section [(for continuous sexual assault of a minor under the age of fourteen years)], unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense is charged in the alternative." Neither exception set forth in HRS § 707-733.5(3) applied to Counts 1 through 4. Despite finding that Kaopua had committed acts of sexual penetration as charged in Counts 1 thorough 4 and only dismissing those counts because of HRS § 707-733.5(3), the family court on April 9, 2002, entered a Judgment of Acquittal as to Counts 1 through 4 as well as on Count 5.

Kaopua appealed his conviction on Count 6, and the State cross-appealed. On cross-appeal, the State argued that the family court's oral decision to dismiss Counts 1 through 4 as a matter of law under HRS § 707-733.5(3) was inconsistent with its subsequent entry of a Judgment of Acquittal on those counts. The Hawaiʻi Supreme Court remanded the case for clarification as to the family court's disposition of Counts 1 through 5. On remand, the family court clarified that Counts 1 through 5 were dismissed as a matter of law pursuant to HRS § 707-733.5(3) because they involved the same victim and time frame as Count 6 and were not charged in the alternative to Count 6. The family court therefore entered an order that dismissed Counts 1 through 5, vacated the Judgment of Acquittal entered as to Counts 1 through 5, and superceded the vacated Judgment of Acquittal with its

---

[5] See footnote 3, supra.

3

order of dismissal. After the circuit court entered this order, the parties stipulated to the dismissal of the State's cross-appeal.

In the direct appeal of his judgment, Kaopua challenged his conviction on Count 6, claiming that his jury-trial waiver was invalid. On February 12, 2004, the Hawai'i Supreme Court issued a summary disposition order affirming Kaopua's judgment of conviction in Appeal No. 25009.

On January 20, 2006, Kaopua filed a Petition for Post-conviction Relief pursuant to Rule 40 of the Hawaii Rule of Penal Procedure (HRPP) (First Petition) in SPP No. 06-1-0001 and an amended First Petition on February 27, 2006. The circuit court[6] denied the claims raised in the First Petition and the amended First Petition on November 24, 2006. On October 23, 2007, Kaopua filed a "Default Rule 55 (a)(e) HFCR and Rule 40(d) HRPP" (Default Rule Motion) which the circuit court[7] denied on November 14, 2007. Kaopua appealed the denial of his Default Rule Motion in Appeal No. 28907. This court dismissed Kaopua's appeal in Appeal No. 28907 on January 26, 2009, for lack of appellate jurisdiction because there was no final appealable order.

II.

On June 25, 2009, Kaopua filed a "Post-Conviction Proceeding Rule 40(a)(1)(i, iii, iv) HRPP" (Second Petition), which forms the basis of this appeal. On August 28, 2009, the circuit court denied the Second Petition without a hearing and issued its Order Denying Second Petition.

Kaopua argues on appeal, as he did in the Second Petition, that he was improperly convicted of Count 6 because the trial court concluded that he did not commit the separate acts of sexual assault charged in Counts 1 through 5, and therefore, the

---

[6] The Honorable George M. Masuoka presided.

[7] The Honorable Kathleen N.A. Watanabe presided.

trial court should not have convicted him of the offense of continuous sexual assault against a minor under the age of fourteen years charged in Count 6. He also claims that there was insufficient evidence to convict him of Count 6.

Upon careful review of the record and the briefs submitted by the parties, we resolve Kapoua's claims as follows:

1. Kaopua did not prove the existence of extraordinary circumstances to justify his failure to raise the issues in the Second Petition in his direct appeal or in the First Petition. Therefore, he waived the issues raised in the Second Petition. HRPP Rule 40(a)(3) (2006).[8]

2. Even if not waived, Kaopua's claims are without merit. Kaopua claims that his conviction on Count 6 is improper and violates double jeopardy because it is based on the acts underlying Counts 1 through 4 for which he as "acquitted" by the family court. This claim is based on the erroneous premise that the family court acquitted Kaopua of Counts 1 through 4. Although the family court initially entered a Judgment of Acquittal as to those counts, on remand from the Hawai'i Supreme Court, the family court vacated its judgments of acquittal on Counts 1 through 4 and instead dismissed those counts. Because the family court did not acquit Kaopua of Counts 1 through 4, but instead dismissed those counts pursuant to HRS § 707-733.5(3) after finding that Kaopua had committed the acts of sexual penetration charged therein, the family court properly based Kaopua's conviction on Count 6 on Kaopua's commission of the acts alleged in Count 1 through 4.

3. We reject Kaopua's claims that there was insufficient evidence to support his conviction and that his conduct did not satisfy the requirements of the HRS § 707-733.5 offense of continuous sexual assault of a minor under the age of

[8] To the extent that Kaopua contends that he did previously raise claims contained in the Second Petition, those claims are barred as having been previously ruled upon. HRPP Rule 40(a)(3).

fourteen years charged in Count 6. Kaopua's interpretation of HRS § 707-733.5 as requiring proof that a person "plac[ed] the penis into the vagina and then mov[ed] the penis back and forth three or more times within the vagina" is wrong. Kaopua also apparently contends that there was insufficient evidence of sexual penetration because the State used "only testimony" and the injuries observed during the vaginal examination of Minor could have been a normal variant. This contention is without merit as the prosecution can prove sexual penetration based on testimony that does not include corroborating evidence from a physical examination.

III.

The Order Denying Second Petition that was filed by the circuit court on August 28, 2009, is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2010.

On the briefs:

Herman-Lee Kaopua, Sr.
Petitioner-Appellant Pro Se

Tracy Murakami
Deputy Prosecuting Attorney
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

6